**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

**THANH THACH,**

    **Plaintiff,**

                                                           **CIVIL NO. 3:14-cv-070**

**v.**

**EQUIFAX INFORMATION SERVICES, LLC,**
**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**BRYANT STATE BANK, CREDIT ONE BANK,**
**COMENITY BANK, FIRST PREMIER BANK,**
**LVNV FUNDING, LLC.,**

    **Defendants.**


**DEFENDANT EQUIFAX INFORMATION SERVICES, LLC'S**
**RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant, Equifax Information Services LLC ("Equifax"), hereby responds to Plaintiff Thanh Thach's First Interrogatories as follows:

**OBJECTIONS**

Equifax hereby incorporates its previously served objections to Plaintiff's First Set of Interrogatories, as if fully set forth herein.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

    Identify each employee or non-employee witness or expert witness you believe may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit. For each such person identified, please list each and every lawsuit in which that person has testified by affidavit, deposition, trial testimony, or by report furnished to the court or opposing counsel. Please explain and describe the nature of each such statement by the person so identified. Please identify the lawsuit by complete caption, court name, cause number, and date the affidavit, deposition, trial testimony, or report was made, taken or occurred.

**RESPONSE TO INTERROGATORY NO. 1:**

Subject to its previously served objections, Equifax identifies: (1) Vicki Banks, Legal Support Associate, Equifax; and (2) Margaret Leslie, Vice President, Technology, Equifax. Ms. Banks and Ms. Leslie may be reached through undersigned counsel.

**INTERROGATORY NO. 2:**

Did Equifax ever receive or send any written or non-written communication from or to the Plaintiff or any other person pertaining to the Plaintiff? If so, specifically list and identify each such communication. For non-written communications, state the content of each such communication. For written communications, identify in your answer to this Interrogatory the document and the date of receipt for each document so identified.

**RESPONSE TO INTERROGATORY NO. 2:**

Subject to its previously served objections, Equifax states that it received correspondence from Plaintiff. In further response, Equifax states on October 26, 2009, it added a temporary fraud alert to Plaintiff's file.

On September 9, 2012, Equifax received Plaintiff's letter of September 4, 2013, disputing various accounts appearing on Plaintiff's credit file. Equifax reviewed Plaintiff's dispute letter, the correspondence attached, and Plaintiff's credit file. On September 12, 2012, Equifax prepared ACDVs summarizing Plaintiff's disputes and sent the ACDVs concerning 19 separate accounts. The furnishers responded between September 12, 2012 and September 25, 2012. Ten of the disputed accounts were either verified or updated. The furnisher requested deletion of 9 of the disputed accounts. Equifax verified the information provided by the data furnishers, updated its records, and reported the results to Plaintiff on October 9, 2012.

On February 3, 2013, Equifax received Plaintiff's letter of January 29, 2013 disputing various accounts appearing in Plaintiff's credit file and attaching Plaintiff's letter of September 4, 2012. Equifax reviewed Plaintiff's dispute letter and her credit file. On February 6, 2013, Equifax prepared and sent ACDVs regarding 9 separate tradelines. The data furnishers

responded to the ACDVs from February 7, 2013 to February 14, 2013. NCO Financial Services requested deletion of the account it reported. The other accounts were either verified or updated. On February 15, 2013, Equifax concluded it reinvestigation, updated Plaintiff's file, and reported the results of its reinvestigation to Plaintiff.

On June 8, 2013, Equifax received Plaintiff's dispute letter of June 3, 2013, disputing 6 separate tradelines reported by 5 data furnishers. Equifax reviewed Plaintiff's dispute letter and the attachments provided thereto. On June 11, 2013, Equifax prepared and sent ACDVs to the data furnishers. From June 12, 2013 to June 20, 2013, the data furnishers responded to the ACDVs. The data furnishers either verified or updated their reporting. On June 21, 2013, Equifax concluded its reinvestigation, updated Plaintiff's file, and reported the results of its reinvestigation to Plaintiff.

On November 21, 2013, Equifax received a phone call from Plaintiff disputing items in her credit file. Equifax considered Plaintiff's dispute and reviewed her credit file. The same day, Equifax prepared and sent ACDVs summarizing Plaintiff's disputes concerning 5 separate tradelines. From November 22, 2013 to December 10, 2013, the furnishers responded to the ACDVs. The data furnishers either verified or updated the account they reported. On December 12, 2013, Equifax completed its reinvestigation, updated Plaintiff's file as necessary, and forwarded the results to Plaintiff.

**INTERROGATORY NO. 3:**

Separately list each procedure you followed in preparing each credit report which related to the Plaintiff that you contend was a "reasonable procedure" that you followed "to assure maximum possible accuracy of the information" contained within the credit report and identify all documents and all persons with knowledge that supports your claim that you followed such procedures.

**RESPONSE TO INTERROGATORY NO. 3:**

Subject to and without waiving its previously served objections, Equifax responds to Interrogatory No. 3 as follows: Equifax maintains policies and procedures to assure that data received from furnishers is placed on the correct credit file. These procedures include the use of a matching algorithm. Upon entry of a protective order, Equifax will supplement this response with additional information concerning the matching procedures and algorithm.

Further, upon receipt of a dispute from a consumer regarding the accuracy of information in the consumer's credit file, Equifax reviews and considers all of the relevant information, if any, that the consumer provides regarding the nature of the dispute and the contents of the consumer's credit file. If, upon review of the dispute, the contents of the file, and the information provided by the consumer, a change to the disputed item is warranted based on the available information, then Equifax will make any necessary updates. If further investigation of the consumer's dispute is required, Equifax contacts the source of the information and advises it of the consumer's dispute, describes all relevant information, and provides the consumer's account information as it then appears in the consumer's Equifax credit file. Equifax asks the data furnisher to investigate the consumer's dispute and to advise Equifax if the account information is inaccurate. If the data furnisher advises Equifax to delete or otherwise update the account information, then Equifax takes the necessary action and notifies the consumer. If the data furnisher verifies that the account is being accurately reported, then Equifax will make no changes to the account and will continue to report it as it previously appears on the credit file. Following the completion of its reinvestigation, Equifax sends the consumer the results of the reinvestigation along with a summary of the consumer's rights under the FCRA, including the right to add a consumer statement to the credit file if the consumer disagrees with the results.

**INTERROGATORY NO. 4:**

Identify and describe in detail all procedures to prevent the reinsertion or re-mixing of any information previously deleted from a consumer's credit file.

**RESPONSE TO INTERROGATORY NO. 4:**

Subject to and without waiving its previously served objections, Equifax states that it uses suppression codes, deletion codes, and blocking codes to prevent reinsertion of deleted information.

**INTERROGATORY NO. 5:**

Identify every lawsuit in which you have been sued for an alleged violation of 15 U.S.C. §1681e that pertained to or was based upon the allegation of a mixed or mismerged file, tradeline or public record. For each such lawsuit, identify the style of the case, the court in which the action was brought, the case number, the name of the plaintiff attorney, the co-defendants in that case, the date the case was filed, and the disposition in the case.

**RESPONSE TO INTERROGATORY NO. 5:**

See Equifax's previously served objections.

**INTERROGATORY NO. 6:**

Identify any research, study, report, memo, email or other document you have generated since January 1, 2012 that regards or discusses criteria or threshold used to match data to a file and any lawsuits, complaints or alleged problems about that procedure.

**RESPONSE TO INTERROGATORY NO. 6:**

See Equifax's previously served objections.

**INTERROGATORY NO. 7:**

Identify any and all complaints, investigations, inquiries, administrative proceedings, and civil or criminal actions made or brought against you, or in which you were involved, civil or criminal actions made or brought against you, or in which you were involved, since January 1, 2012, as instituted by any person, entity, or government's agency or representative relating to (in the broadest sense) the provision by *Equifax* of any information to any person wherein it was alleged that *Equifax* improperly combined or mixed a consumers file.

**RESPONSE TO INTERROGATORY NO. 7:**

See Equifax's previously served objections.

**INTERROGATORY NO. 8:**

Describe in detail all procedures you have available to prevent the re-mixing of data from another similarly named person into a credit report after you have discovered such a problem in the consumer's file and identify all documents that describe, list or summarize such procedures.

**RESPONSE TO INTERROGATORY NO. 8:**

Equifax refers Plaintiff to its response to Interrogatory No. 4.

**INTERROGATORY NO. 9:**

Since January 1, 2012, has *Equifax* provided any information from the Plaintiffs file to any entity? If so, identify all such entity, the reason any such information was provided to each such entity, the manner in which *Equifax* was requested to provide any such information, and the specific information provided to each such entity.

**RESPONSE TO INTERROGATORY NO. 9:**

Subject to Equifax's previously served objection, Equifax provided a consumer report to the following: Masseys 2/6/2013, Midnight 9/19/2012; Fidelity Lending/Credco 8/20/2012; and C&F Mortgage 8/13/2012.

**INTERROGATORY NO. 10:**

Identify, list, and describe in detail each and every procedure, program, or system you have in place to measure, monitor, and evaluate the effectiveness, cost, efficiency, and accuracy of your handling and processing of requests from furnishers and verification of Permissible purposes to obtain the Plaintiff's consumer report.

**RESPONSE TO INTERROGATORY NO. 10:**

See Equifax's previously served objections.

**INTERROGATORY NO. 11:**

List and describe each report, screen print, or other computer output that your computer hardware and software could produce or print which could contain the Plaintiff's name.

**RESPONSE TO INTERROGATORY NO. 11:**

Subject to its previously served objections, Equifax identifies the following types of documents Equifax maintains that may contain Plaintiff's identifiers: ACIS cases, ACDVs LogFs, AUDS, terminal audit trails, call logs, and frozen scans.

**INTERROGATORY NO. 12:**

State the factual basis of any and all affirmative defenses that you have asserted to the Plaintiffs Complaint, and for each paragraph of Plaintiffs Complaint for which you deny the allegations contained therein, state the factual and legal basis for such contention and identify every single document that supports your contention.

**RESPONSE TO INTERROGATORY NO. 12:**

Subject to its previously served objections, Equifax states that its defenses are based upon the fact that it conducted a reinvestigation of each of Plaintiff's disputes, reported the results to her, and followed procedures designed and intended to comply with the FCRA. Moreover, Equifax denies that Plaintiff suffered any damages proximately caused by any alleged FCRA violation by Equifax. Finally, Plaintiff has not demonstrated any factual basis for punitive damages.

**INTERROGATORY NO. 13:**

State the net income and net worth of *Equifax* for the preceding 24 quarters.

**RESPONSE TO INTERROGATORY NO. 13:**

See Equifax's previously served objections.

Respectfully submitted this 25th day of July, 2014.

/s/ John W. Montgomery, Jr.
John W. Montgomery, Jr.
Virginia State Bar No. 37149
John W. Montgomery, Jr., APC
2116 Dabney Road, Suite A-1
Richmond, VA 23230
Telephone (804) 355-8744
Facsimile (804) 355-8748
Email: jmontgomery@jwm-law.com
*Counsel for Defendant Equifax Information Services, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 25, 2014, a true and correct copy of the foregoing was sent via electronic mail to the following counsel of record:

Joseph William Clark
Jones Day (DC)
51 Louisiana Ave NW
Washington, DC 20001
Email: jwclark@jonesday.com

Timothy James St. George
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
Richmond, VA 23219
Email: tim.stgeorge@troutmansanders.com
*Counsel for Experian Information Solutions, Inc.*

William Kennedy Simpson
Byron Norman Miller
Thompson Miller & Simpson PLC
600 W Main Street Suite 500
Louisville, KY 40202
Email: ksimpson@trnslawp1c.com
Email: bmiller@tmslawplc.com
*Counsel for Bryant State Bank*

Brendan David O'Toole
Williams Mullen (Richmond)
200 South 10th Street 16th Floor
Richmond, VA 23218
Email: botoole@williamsmullen.com

Allison Liebman Cannizaro
Sessions Fishman Nathan & Israel LLC
3850 N Causeway Blvd
Lakeway Two Suite 200
Metairie, LA 70002
Email: acannizaro@sessions-law.biz

William Delaney Bayliss
Williams Mullen (Richmond)
200 South 10th Street 16th Floor
Richmond, VA 23218
Email: bbayliss@williamsmullen.com
*Counsel for Credit One Bank*

John Becker Mumford, Jr.
Eileen Ruth Geller
Hancock Daniel Johnson & Nagle PC
4701 Cox Rd Suite 400
Glen Allen, VA 23255
Email: jmumford@hdjn.com
Email: egeller@hdjn.com
*Counsel for Comenity Bank*

Leonard A. Bennett, Esq.
Susan M. Rotkis, Esq.
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
E-mail: lenbennettgclalegal.com
E-mail: srotkisj@clalegal.com

Kristi C. Kelly
Andrew Joseph Guzzo
Kelly & Crandall, PLC
4084 University Drive Suite 202A
Fairfax, VA 22030
E-mail: aguzzo@kellyandcrandall.com
E-mail: kkelly@kellyanderandall.com
*Counsel for Plaintiff*

/s/Ian E. Smith
*Ian E. Smith*
*Counsel for Equifax Information Services LLC*