UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

THANH THACH,

    Plaintiff,

v.                                 Case No.: 3:14-cv-00070-HEH

EQUIFAX INFORMATION SERVICES LLC,
EXPERIAN INFORMATION SOLUTIONS,
INC., BRYANT STATE BANK, CREDIT ONE
BANK, COMENITY BANK, FIRST PREMIER
BANK, and LVNV FUNDING,

    Defendants.

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

    Defendant Equifax Information Services LLC ("Equifax") submits the following Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment.  Plaintiff's motion should be denied.

## INTRODUCTION

    In this case brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, Plaintiff seeks partial summary judgment on the issue whether credit accounts she disputed with Equifax were in fact inaccurate.  Plaintiff alleges that Equifax violated two provisions of the FCRA, §§ 1681e(b) and 1681i(a), both of which require proof of an inaccuracy, among other requirements, to establish liability to Equifax.  While the inaccuracy issue itself is relatively narrow, the breadth of Plaintiff's motion is wide:  she is asking the Court to hold, as a

matter of law, that all 22 of the accounts she disputed with Equifax were inaccurate almost entirely on the basis of her own self-serving declaration.  The Court should reject that request.

First, Plaintiff has not provided admissible evidence from any of the 19 creditors, whether in the form of deposition or declaration testimony or other admissible form.  Second, she has not provided any admissible evidence from her sister, who apparently used Plaintiff's identifying information to open accounts in Plaintiff's name, or from her mother, whose name was associated with one of the disputed accounts.  These failures of proof should dispose of Plaintiff's motion, as they do not allow the Court to hold that Plaintiff is entitled to judgment on the inaccuracy issue as a matter of law.  Given the circumstances present in this case – including, among others, the age of many of the disputed accounts (some dating back more than a decade), the familial relationships involved, and the absence of any corroborating evidence – a reasonable finder of fact could conclude that Plaintiff's declaration is not credible, particularly in the absence of any admissible evidence from third parties.  Accordingly, Plaintiff's motion for partial summary judgment on inaccuracy should be denied.

**STATEMENT OF DISPUTED MATERIAL FACTS**

**I.       EQUIFAX'S RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS**

Equifax responds to each of the number paragraphs in Plaintiff's statement of facts that she directs to Equifax (numbers 1 through 29, and 40 through 41) (Doc. 109 at 4-12) as follows:[1]

1.       Admitted.

2.       Disputed.  Plaintiff testified that a representative of C&F Mortgage called her, not that she called C&F Mortgage.  (Doc. 124-1, Deposition of Thanh Thach ["Thach Dep."] at 53:18-54:9.)

---

[1] The remaining paragraphs in Plaintiff's statement are directed solely to Defendant Experian Information Solutions, Inc.

3.      Admitted.

4.      Disputed as inadmissible hearsay.

5.      Disputed.  The Credco Tri-Merge Report, on which Plaintiff relies, indicates that Plaintiff made late payments on at least one account that she acknowledges is hers.  (*See* Doc. 109-3 at 8 [Gap account]; Thach Dep. at 139:6-8.)

6.      Admitted.

7.      Admitted.

8.      Disputed as inadmissible hearsay.

9.      Disputed.  Accounts disputed by Plaintiff were added to Plaintiff's credit file because identifying information provided by the data furnishers matched identifying information contained in Plaintiff's credit file at the time.  Equifax had no reason to assume that the accounts did not belong to Plaintiff.  (Declaration of Margaret Leslie ["Leslie Decl."], attached as Exhibit A, ¶¶ 24-25.)

10.     Disputed as the statement contains opinion, not fact.

11.     Disputed as inadmissible hearsay.

12.     Disputed as inadmissible hearsay.

13.     Disputed.  Accounts disputed by Plaintiff were added to Plaintiff's credit file because identifying information provided by the data furnishers matched identifying information contained in Plaintiff's credit file at the time.  Equifax had no reason to assume that the accounts did not belong to Plaintiff.  (Leslie Decl. ¶¶ 24-25.)

14.     Disputed.  Accounts disputed by Plaintiff were added to Plaintiff's credit file because identifying information provided by the data furnishers matched identifying information

contained in Plaintiff's credit file at the time.  Equifax had no reason to assume that the accounts did not belong to Plaintiff.  (Leslie Decl. ¶¶ 24-25.)

15.  Disputed.  Accounts disputed by Plaintiff were added to Plaintiff's credit file because identifying information provided by the data furnishers matched identifying information contained in Plaintiff's credit file at the time.  Equifax had no reason to assume that the accounts did not belong to Plaintiff.  (Leslie Decl. ¶¶ 24-25.)

16.  Disputed.  Accounts disputed by Plaintiff were added to Plaintiff's credit file because identifying information provided by the data furnishers matched identifying information contained in Plaintiff's credit file at the time.  Equifax had no reason to assume that the accounts did not belong to Plaintiff.  (Leslie Decl. ¶¶ 24-25.)  Furthermore, Plaintiff did not dispute any names or addresses on her credit file.  (Doc. 124-3, Declaration of Vicki Banks ["Banks Decl."] ¶ 32.)

17.  Disputed.  Accounts disputed by Plaintiff were added to Plaintiff's credit file because identifying information provided by the data furnishers matched identifying information contained in Plaintiff's credit file at the time.  Equifax had no reason to assume that the accounts did not belong to Plaintiff.  (Leslie Decl. ¶¶ 24-25.)

18.  Admitted with the exception of the date of Plaintiff's letter.  Plaintiff prepared the letter on September 4, 2012, not 2013.  (*See* Thach Dep. at 66:9-67:3.)

19.  Disputed.  Equifax's records reflect that it responded to Plaintiff's September 4, 2012 dispute.  (Banks Decl. ¶ 37.)

20.  Admitted.

21.  Disputed.  When Equifax received Plaintiff's first dispute in September of 2012, it placed the dispute in the "mixed queue" and applied its "mixed-file procedures" based upon

Plaintiff's statement in the letter that her file might be mixed.  When an account is suppressed during a mixed-queue reinvestigation in response to a data furnisher's request, a "suppress mixed" ("SM") code is used to suppress the account, which prevents in from appearing in consumer credit reports.  Equifax used the SM code to suppress several accounts in Plaintiff's credit file during the first round of reinvestigations because data furnishers asked that the accounts be deleted, not because Equifax had determined that Plaintiff's credit file was mixed with the credit file of another individual.  (Supplemental Declaration of Vicki Banks ["Supp. Banks Decl."], attached as Exhibit B, ¶¶ 4-9.)

22.     Disputed.  The six furnishers listed by Plaintiff instructed Equifax to the delete the accounts.  They did not state that the accounts should not be on Plaintiff's credit file.  (*See* Banks Decl. ¶¶ 35, 41.)

23.     Disputed as inadmissible hearsay.

24.     Disputed as inadmissible hearsay.

25.     Admitted that First Premier Bank mailed statements to 3181 Monticello Drive and that payments on this account were made by Plaintiff's sister, My Trang Thi Thach.  Otherwise, disputed for the same reasons stated in Equifax's response to Paragraph 9.

26.     Disputed.  Credit One Bank provided documents indicating that, at the time of closure, the account holder resided at 7407 Barley Walk.  (Doc. 124-2, Declaration of Ian Smith ["Smith Decl."] ¶ 5 & Ex. B (documents produced by Credit One Bank).)  Several payments on the account were made by checks in the name of Cuong D. Dao, with an address of 3181 Monticello Drive.  (*Id*.)  Furthermore, accounts disputed by Plaintiff were added to Plaintiff's credit file because identifying information provided by the data furnishers matched identifying

information contained in Plaintiff's credit file at the time.  Equifax had no reason to assume that the accounts did not belong to Plaintiff.  (Leslie Decl. ¶¶ 24-25.)

27.    Admitted that the name on the Bryant State Bank account was Chia T. Thach, with an address at 7407 Barley Walk and phone number of 703-560-7943.  Otherwise, disputed for the same reasons stated in Equifax's response to Paragraph 9.

28.    Admitted.

29.    Admitted.

30-39. Paragraphs 30 through 39 are directed to Equifax's codefendant, Experian Information Solutions, Inc., and therefor do not require a response from Equifax.  To the extent those paragraphs duplicate assertions made by Plaintiff in Paragraphs 1 through 29, Equifax incorporates its corresponding responses.

40.    Disputed.  Mr. Hendricks has not been qualified as an expert.  Otherwise, the paragraph provides Mr. Hendricks' opinion, not a statement of fact, and, therefore, is inappropriate to include in a "Statement of Facts."  Furthermore, Equifax in fact did not mix Plaintiff's credit file with her mother's file.  (Leslie Decl. ¶ 23; Banks Decl. ¶ 12.)

41.    Disputed.  Accounts disputed by Plaintiff were added to Plaintiff's credit file because identifying information provided by the data furnishers matched identifying information contained in Plaintiff's credit file at the time.  Equifax had no reason to assume that the accounts did not belong to Plaintiff.  (Leslie Decl. ¶¶ 24-25.)

## II.    EQUIFAX'S STATEMENT OF RELEVANT FACTS

1.    Plaintiff, whose full name is Thanh Cham Thi Thach, was born in Vietnam and moved to the United States with her family when she was a child.  (*See* Doc. 124-1, Thach Dep. at 3:10-15, 41:12-20.)

2.    Plaintiff has lived with her mother, Chai Thi Thach, since the family arrived in the

United States.  (*Id.* at 11:10-16, 41:12-20.)

3.      Plaintiff has an older sister, whose name is My Trang Thi Thach.  (*Id.* at 49:21-50:4, 72:8-16, 85:17-86:16.)

4.      Prior to September 2012, Plaintiff did not obtain a copy of her credit file from Equifax, or dispute any information in her credit file with Equifax.  (*Id.* at 4:21-6:11.)

5.      During this time, Plaintiff opened at least four credit card accounts in her name and obtained a car loan with no problems.  (*See id.* at 10:13-11:9.)

6.      Plaintiff sent three letters to Equifax disputing information in her credit file, one each on September 4, 2012, January 29, 2013, and July 3, 2013.  (*See* Doc. 123-4, Banks Decl., Exs. A, B, C.)

7.      In Plaintiff's first letter, dated September 4, 2012, Plaintiff listed 22 accounts and stated that the accounts did not belong to her.  (*Id.* ¶ 30 & Ex. A.)

8.      Plaintiff also stated, without further explanation:  "Based on the personal information in my report, it is possible you have confused me with another person with a similar name and/or identifying information."  (Banks Decl., Ex. B.)

9.      Plaintiff did not identify her mother, or any other individual, as a potential "other person."  (*See id.*)

10.     Plaintiff also did not dispute any former addresses or former names that appeared on her file at that time, which included two addresses in Falls Church, Virginia (3181 Monticello Drive and 7407 Barley Walk) and the names Chai C. Thach and Pat T. Kaia.  (*Id.* ¶ 32; see also id. ¶ 35.)

11.     After conducting a reinvestigation of the disputed information, Equifax removed 11 of the disputed accounts from Plaintiff's credit file.  (*See id.* ¶ 35.)

12.     Because one of the disputed accounts was not in Plaintiff's credit file, this left only 10 disputed accounts in Plaintiff's file.  (*Id.*)

13.     The following chart summarizes the identifying information provided by the data furnishers for 11 of the disputed accounts, including the 10 accounts that remained in Plaintiff's credit file, and compares that information to information provided by Plaintiff in this lawsuit.[2] The chart also provides the date each account was opened and the addresses provided by the furnishers.  (*See id.* ¶ 35.)

| Data Furnisher | Opened | Social Security Number Match | Date of Birth Match | First Name Match | Last Name Match | Address Match |
|---|---|---|---|---|---|---|
| Comenity Bank | 10/01 | √ | Not provided | √ | √ | 7407 Barley Walk 3181 Monticello |
| JPMorgan Chase | 07/04 | √ | √ | √ | √ | |
| Capital One | 03/05 | √ | √ | | | 3181 Monticello |
| First Premier Bank | 03/05 | √ | √ | √ | √ | 3181 Monticello |
| First Nat'l Bank | 12/05 | √ | | | √ | 3181 Monticello |
| First Premier Bank | 12/06 | √ | √ | √ | √ | 3181 Monticello |
| Bryant State Bank | 12/08 | √ | √ | | √ | 7407 Barley Walk |
| Credit One Bank | 06/09 | √ | Not provided | √ | √ | 7407 Barley Walk |
| Capital One | 10/09 | √ | √ | √ | √ | 7407 Barley Walk |
| LVNV Funding | 09/11 | √ | Not provided | √ | √ | √ |
| LHR, Inc. | 11/11 | √ | √ | √ | √ | √ |

14.     In Plaintiff's second letter, dated January 29, 2013, Plaintiff enclosed a copy of her September 4, 2012 letter and asked Equifax to reinvestigate.  (*Id.* ¶ 39 & Ex. B.)

---

[2] The remaining data furnishers did not provide identifying information in their reinvestigation responses.  (*See* Banks Decl. ¶ 35.)

15.     She once again did not dispute any of the names or addresses in her credit file. (*Id.*)

16.     By this time, only 9 of the original 22 disputed accounts remained in Plaintiff's file.  (*Id.* ¶ 40.)

17.     After conducting reinvestigations, Equifax removed one additional account, leaving a total of 8.  (*Id.* ¶ 41.)

18.     By the time Equifax received Plaintiff's third letter, dated June 4, 2013, only 6 of the disputed accounts remained in Plaintiff's credit file.  (*Id.* ¶ 44.)

19.     Equifax conducted reinvestigations but did not remove any additional accounts from Plaintiff's file.  (*Id.* ¶ 45.)

20.     If Plaintiff had disputed any of the former names or addresses that appeared in her credit file, Equifax would have removed them pursuant to its policies and procedures.  (*Id.* ¶ 48.)

21.     Business records provided by Credit One Bank include copies of several checks, from 2009, used to make payments on one of the disputed accounts.  (Doc. 124-2, Smith Decl. ¶ 5 & Ex. B (documents produced by Credit One Bank.)

22.     The account (no. *8175) was in Plaintiff's name, with her Social Security number and date of birth, and an address at 7407 Barley Walk in Falls Church.  (*Id.*)

23.     Many of the checks used to pay the account were drawn from the checking account of an individual named Cuong D. Dao, with an address listed on the checks as 3181 Monticello Drive in Falls Church, Virginia.  (*Id.*)

24.     Business records provided by First Premier Bank, which also held one of the disputed accounts (no. *5887), include copies of checks, from 2007, drawn from My Trang Thach's checking account, with the 3181 Monticello address listed on the checks.  (*Id.*, Ex. B

(documents produced by First Premier Bank).)[3]

25.     The account was in Plaintiff's name.  (*Id.*)

26.     A check from My Trang Thach at the 3181 address also appears in the business records of CorTrust Bank, which held a third disputed account in Plaintiff's name (no. *2984). (*Id.*, Ex. B (documents produced by CorTrust Bank; Thach Dep. at 171:18-172:21.)

27.     CorTrust lists the account owner as Plaintiff, with her correct Social Security number and date of birth.  (*Id.*)

28.     The address for the account is 3181 Monticello Drive.  (*Id.*)

29.     Trang T. Thach (Plaintiff's sister) is listed as an authorized user.  (*Id.*)

## ARGUMENT AND CITATION OF AUTHORITY

Plaintiff alleges that Equifax violated two FCRA provisions – § 1681e(b) and § 1681i(a). Section 1681e(b) requires CRAs to follow reasonable procedures when preparing consumer reports.  *See, e.g., Soutter v. Equifax Info. Servs., LLC*, 498 Fed. Appx. 260, 266 (4th Cir. 2012) ("At the 'heart' of § 1681e(b) are two requirements: (1) that the credit report is inaccurate; and (2) that the CRA did not employ reasonable procedures to ensure maximum possible accuracy of the credit reports it furnished."). Section 1681i(a) requires CRAs to conduct reasonable reinvestigations when information is disputed by consumers.  15 U.S.C. § 1681i(a)(1)(A).  The FCRA is not a strict liability statute and does not require "error free consumer reports."  *Smith v. Auto Mashers, Inc.*, 85 F. Supp. 2d 638, 640-41 (W.D. Va. 2000); *see also Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 417 (4th Cir. 2001); *Hill v. Equifax Info. Servs., LLC*, 974 F. Supp. 2d 865, 875 (M.D.N.C. 2013).[4]

---

[3] My Trang Thach's name on the check is listed with her family name first, as Thach Thi My Trang.  (*See* Thach Dep. at 171:18-172:21.)

[4] In addition to proof of inaccuracy and use of unreasonable procedures, successful claims under both § 1681e(b) and § 1681i(a) require proof of actual damages proximately caused

10

I.   **SUMMARY JUDGMENT IN FAVOR OF A PARTY WITH THE BURDEN OF PROOF REQUIRES EVIDENCE "SO POWERFUL" THAT NO REASONABLE JUROR WOULD BE FREE TO DISBELIEVE IT.**

"Summary judgments in favor of parties who have the burden of proof are rare, and rightly so." *Turner v. Ferguson*, 149 F.3d 821, 824 (8th Cir. 1998); *see also Smith v. Ozmint*, 578 F.3d 246, 250 (4th Cir. 2009).  To prevail, Plaintiff "must show that the evidence is so powerful that no reasonable jury would be free to disbelieve it."  *Shakur v. Schriro*, 514 F.3d 878, 890 (9th Cir. 2008) (quotation marks omitted); *accord Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002) (quoting 11 James William Moore *et al*., Moore's Federal Practice § 56.13[1] (3d ed. 2000)); *see also Hunt v. Cromartie*, 526 U.S. 541, 553 (1999) ("Summary judgment in favor of the party with the burden of persuasion . . . is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact."); *Smith*, 578 F.3d at 250 (party bearing the burden of proof "is only entitled to summary judgment if the proffered evidence is such that a rational factfinder could only find for" her).

Accordingly, a motion for summary judgment by a person with the burden of proof "takes on a slightly different procedural posture than [a] defensive motion for summary judgment." *Vales v. Preciado*, 809 F. Supp. 2d 422, 428 (D. Md. 2011).  Plaintiff "may not simply bring forth enough evidence to allow a jury to find" in her favor; she must demonstrate that "the evidence is such that *every* reasonable juror" would find in her favor.  *Arnett*, 281 F.3d at 561 (emphasis added).  Plaintiff cannot meet that strict burden here.

---

by the alleged FCRA violation.  *Smith*, 85 F. Supp. 2d at 640; *Thomas v. Trans Union, LLC*, 197 F. Supp. 2d 1233, 1236 (D. Or. 2002).  Section 1681i(a) also requires proof that the consumer notified the CRA directly of the inaccuracy.  *Thomas*, 197 F. Supp. 2d at 1236.  Accordingly, even if Plaintiff had indisputable evidence of inaccuracy, which she does not, she would be far from satisfying all the requirements for successful claims under the FCRA.  A finding in Plaintiff's favor would not, as Plaintiff asserts (Plf. Brf. at 3), have a streamlining effect on trial.

11

## II.   PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT SHOULD BE DENIED.

### A.   Plaintiff's Attempts To Prove Her Claims With Inadmissible Hearsay, Unauthenticated Documents, And Unreasonable Inferences Is Wholly Insufficient To Support Her Motion.

#### 1.   Plaintiff's Statements Regarding The Reasons For Alleged Loan Denials Are Inadmissible Hearsay.

"Generally, an affidavit [or declaration] filed in opposition to a motion for summary judgment must present evidence in substantially the same form as if the affiant were testifying in court." *Evans v. Technologies Applications & Serv. Co*., 80 F.3d 954, 962 (4th Cir. 1996). "Thus, summary judgment affidavits cannot be conclusory or based upon hearsay." *Evans*, 80 F.3d at 962 (citations omitted).

Plaintiff purports to provide evidence in this case of the reasons for the alleged loan denials by C&F Mortgage and McLean Mortgage. *See* Plf. Brf., Stm. of Facts ¶¶ 4, 8. Her only evidence, however, is her own self-serving declaration. *Id*. Plaintiff provides her statements regarding what she was told by C&F Mortgage and McLean Mortgage for the truth of the matters asserted, which is classic hearsay. *See* Fed. R. Evid. 801(c); *see also McCoy v. Robinson*, 3:08-cv-555, 2011 WL 5975277, *2 (E.D. Va. Nov. 28, 2011) (citing *Evans* and excluding statement in affidavit regarding what doctor told affiant about her health condition); *Earhart v. Countrywide Bank, FSB*, 2009 WL 2998055, *3 (W.D.N.C. Sept. 15, 2009) (excluding testimony "based on out-of-court statements by unidentified lenders," which could not be used to prove that loan applications were denied as a result of the alleged false reporting). The Court should not allow Plaintiff to rely on hearsay in support of her Motion for Partial Summary Judgment.

2.      **Unauthenticated Documents Containing Hearsay Are Inadmissible.**

Plaintiff also refers to a number of documents in the record that have not been authenticated.  *See* Plf. Brf., Stm. of Facts ¶¶ 11, 12, 23, 24.  These documents include the Credco Tri-Merge Report and documents provided by creditors.  *See id.*

"While a party may support its position on summary judgment by citing to almost any material in the record, the party's reliance on that material may be defeated if 'the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.'" *Whittaker v. Morgan State Univ.*, 524 Fed. Appx. 58, 60 (4th Cir. 2013) (quoting Fed. R. Civ. P. 56(c)(2)).  In the Fourth Circuit's leading case on this issue, the court held that, "[t]o be admissible at the summary judgment stage, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56[(c)(4)]."  *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993) (quotations omitted); *see also Anderson v. Quality Stores, Inc.*, 181 F.3d 86 (4th Cir. 1999) (unauthenticated report may not be considered for purposes of summary judgment).  Observing that "[i]t is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment," the court held that a letter "must be attached to an affidavit and authenticated by its author in the affidavit or a deposition."  *Orsi*, 999 F.2d at 92 (quotations omitted).  Affirming summary judgment in that case, the *Orsi* court held that the plaintiff's failure to authenticate the four documents it had submitted in response to a summary judgment motion were inadmissible, as "[n]one of the four documents were attached to affidavits, and the district court had no immediate way of ascertaining whether the documents were even what they purported to be."  *Id.*[5]  Courts have made similar findings in cases

---

[5] The four documents were: "(1) a copy of the unsigned minutes of a November 1990 Peaceful Beach Homeowners Meeting; (2) a report and unsigned 1988 letter addressed to Eileen Kirkwood from Froehling & Robertson, an engineering firm; (3) an unsigned 1991 letter addressed to Eileen Kirkwood purportedly from the Virginia Department of Transportation, but

involving the FCRA.  *See*, *e.g.*, *Ransom v. Equifax Inc.*, 2010 WL 1258084, *4 (S.D. Fla. 2010) (holding in an FCRA case that letters from creditors are "hearsay documents and cannot be considered on a motion for summary judgment"); *Chiang v. Verizon New England Inc.*, 2009 WL 102707, *5 (D. Mass. 2009) (sustaining objection to letters sent from financial institutions to consumer "regarding the basis for their denials of his loan applications.  Because these letters are produced without any authenticating affidavits and are offered to prove the truth of their contents"); *Williams v. Equifax Credit Info. Servs.*, 2007 WL 4458914, *3 (D.S.C. 2007) (refusing to consider unauthenticated lender documents on a motion for summary judgment and holding that testimony "as to what the loan officer told [the plaintiff] as to the reason the loan was denied . . . would clearly be hearsay").  Plaintiff should not be allowed to rely on unauthenticated documents in support of her motion.

### 3.   Plaintiff May Not Rely On Unreasonable Inferences Drawn In Her Favor.

The Court must "construe the evidence in the light most favorable to [Equifax], the non-moving party, and draw all reasonable inferences in [Equifax's] favor."  *Smith*, 578 F.3d at 250 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)); *see also Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence").  As the non-moving party, Equifax "is entitled 'to have the credibility of [its] evidence as forecast assumed, [its] version of all that is in dispute accepted, [and] all internal conflicts in it resolved favorably to [Equifax].'"  *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (quoting *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

---

not on VDOT letterhead; and (4) a signed and sealed letter dated March 9, 1992, addressed to plaintiffs' counsel from Clifford & Associates, an engineering firm."  *Orsi*, 999 F.2d at 91.

Plaintiff ignores this well-established law when she relies on the purported inability of HSBC and Comenity Bank to locate documents regarding Plaintiff in response to subpoenas. *See* Plf. Brf. at 20, Stm. of Facts ¶¶ 23-24.  According to Plaintiff, "subpoena responses supplied by third parties, confirm that the accounts either in no way were associated with Ms. Thach or were taken out with ou[t] her consent."  Plf. Brf. at 20.  This assertion, based solely on HSBC's and Comenity Bank's inability to locate documents, is pure speculation, which may not be used in support of a motion for summary judgment.  *See*, *e.g.*, *Evans*, 80 F.3d at 960 ("unsupported speculation is insufficient"); *Sylvia Dev. Corp. v. Calvert Cnty., Md.*, 48 F.3d 810, 817-18 (4th Cir. 1995) (fact question should not be submitted to the jury "when the necessary inference is so tenuous that it rests merely upon speculation and conjecture"); *Smithfield Foods, Inc. v. United Food & Commercial Workers Int'l Union*, 585 F. Supp. 2d 789, 796-97 (E.D. Va. 2008) (genuine issue of material fact may not be created "through mere speculation or the building of one inference upon another").  Furthermore, even if Plaintiff's speculation could be construed as a reasonable inference, she plainly has not, as the law requires, drawn all reasonable inferences in favor of Equifax.  *See  Smith*, 578 F.3d at 250.  This evidence – or more accurately, lack of evidence – does not support Plaintiff's claim of inaccuracy and should not be considered by the Court.

**B.      Plaintiff's Evidence Does Not Meet The High Standard Required For Summary Judgment In Favor Of A Party With The Burden Of Proof.**

Plaintiff asks the Court to find as a matter of law that the 22 accounts she disputed were in fact inaccurate based solely on her own declaration.  She has not marshalled the evidence necessary for such a finding.  Plaintiff lives with her mother, Chia Thach, and easily could have obtained a declaration from her stating the her mother was the owner of some or all of the accounts, but failed to do so.  She reached settlement agreements with the co-defendant

furnishers in this case and could have obtained declarations from them showing that they inaccurately reported their accounts, but she did not do so.  She could have sent Equifax a police report stating that she never opened the disputed accounts, but she did not do that either.  As the movant in this case, Plaintiff "is only entitled to summary judgment if the proffered evidence is such that a rational factfinder could only find for" her.  *Smith*, 578 F.3d at 250.  Plaintiff's declaration, standing alone, is not enough.

Given the circumstances of this case – including the age of many of the disputed accounts, the familial relationships involved, and the absence of any corroborating evidence – a juror could reasonably decide not to give credence to Plaintiff's statements regarding accuracy. The Court should not usurp this quintessential jury function of determining witness credibility when considering a motion for summary judgment.  *Wolfe v. Footen*, 418 Fed. Appx. 256, 261 (4th Cir. 2011).   Credibility determinations are best left to the jury, which will have an opportunity to observe Plaintiff's demeanor.  *Magill v. Gulf & W. Indus., Inc.*, 736 F.2d 976, 979-80 (4th Cir. 1984) (vacating summary judgment against stock broker where "the central issue in the case, breach of warranty, depend[ed] to a considerable extent upon the credibility and weight of the testimony of Magill and other witnesses who testified in his favor, upon the weight of evidence unfavorable to Magill, and upon Magill's knowledge [of inaccurate statements], three factors not readily amenable to summary judgment").   "Clearly, if the credibility of the movant's witnesses is challenged by the opposing party and specific bases for possible impeachment are shown, summary judgment should be denied and the case allowed to proceed to trial."   Wright & Miller, 10A Fed. Prac. & Proc. Civ. § 2726 (3d ed.); *see also Masson*, 501 U.S. at 520 (court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular

evidence"); *cf. National Enterprises, Inc. v. Barnes*, 201 F.3d 331, 335 (4th Cir. 2000) ("Marvin J. Barnes' self-serving affidavit describing the content of the repurchase agreements is not enough to defeat National's motion for summary judgment."); *Ross v. Communications Satellite Corp.*, 759 F.2d 355, at 365 (4th Cir. 1985) (holding that unsupported allegations "do not confer talismanic immunity from Rule 56."). For these reasons, Plaintiff's Motion for Partial Summary Judgment should be denied.[6]

## CONCLUSION

The Court should deny Plaintiff's Motion for Partial Summary Judgment because genuine disputes of material fact are present as to whether the accounts disputed by Plaintiff were accurate.

Respectfully submitted this 22nd day of September, 2014.

/s/ John W. Montgomery
John W. Montgomery
VSB #37149
Counsel for Equifax Information Services, LLC
John W. Montgomery, Jr., Attorney, PLC
2116 Dabney Road, Suite A-1

---

[6] Plaintiff relies in part on *Alabran v. Capital One Bank*, No. 3:04-cv-935, 2005 WL 3338663 (E.D. Va. Dec. 8, 2005). Although partial summary judgment was entered in *Alabran* in favor of the plaintiff on the issue of inaccuracy, the court's reasoning is unclear. The opinion does not include any discussion of the burden of proof or the summary judgment standard, and contains almost no discussion of how the court arrived at its finding that the disputed account "was false as a matter of law." *See Alabran*, 2005 WL 3338663, *5. According to the court, "[t]he undisputed facts establish that the Plaintiff was an authorized user of the subject accounts, but not obligated for the indebtedness. Therefore, the information provided to the credit bureaus by Capital that he was a co-obligor was inaccurate." *Id.*, *8. This brief explanation for the court's finding does not demonstrate that the court properly construed the evidence in the defendant's favor. Indeed, it appears that the court did the opposite. As the court's own description of the undisputed facts and of the defendant's arguments demonstrate, the defendant asserted, and provided evidence, that the plaintiff was in fact a co-obligor. *See id.*, *1 (stating as an undisputed fact that the first account was opened as a joint account), *4 ("Capital One argues that it is entitled to dispositive relief on all claims because it accurately reported the status of the two accounts."). For these reasons, *Alabran* is unpersuasive and should be disregarded.

Richmond, Virginia 23230
Telephone:  (804) 355-8744
Facsimile:  (804) 355-8748
Email: jmontgomery@jwm-law.com

## CERTIFICATE OF SERVICE

I certify that on September 22, 2014, I electronically filed the foregoing DEFENDANT
EQUIFAX INFORMATION SERVICES LLC'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT with the Clerk of Court
using the CM/ECF system, which will then send a notification of such filing (NEF) to the
following:

Leonard Anthony Bennett
Susan Mary Rotkis
Consumer Litigation Associates
763 J Clyde Morris Boulevard
Suite 1A
Newport News, VA 23601
757-930-3660
757-930-3662 (fax)
lenbennett@clalegal.com
srotkis@claslegal.com

Andrew Joseph Guzzo
Kristi Cahoon Kelly
Kelly & Crandall PLC
4084 University Drive
Suite 202A
Fairfax, VA 22030
703-424-7576
703-591-0167 (fax)
aguzzo@kellyandcrandall.com
kkelly@kellyandcrandall.com
Attorneys for Plaintiff

Joseph William Clark
Jones Day (DC)
51 Louisiana Ave NW
Washington, DC 20001
202-879-3939
Fax: 202-626-1700
Email: jwclark@jonesday.com

Timothy James St. George
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23219

/s/ John W. Montgomery, Jr.
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services, LLC
John W. Montgomery, Jr., Attorney, PLC
2116 Dabney Road, Suite A-1
Richmond, VA 23230
Telephone (804) 355-8744
Facsimile (804) 355-8748
Email: jmontgomery@jwm-law.com